# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

CHARLES MONTAGUE,       )
      )
    Plaintiff/Appellant,    )
      )    Davidson Chancery
      )    No. 95-569-III
VS.      )
      )    Appeal No.
      )    01A01-9602-CH-00065
TENNESSEE DEPARTMENT OF  )
CORRECTION, ET AL.,    )
      )
    Defendants/Appellees.    )

**FILED**

**October 17, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For the Plaintiff/Appellant:      For the Defendants/Appellees:

Charles Montague, Pro Se      Charles W. Burson
           Attorney General and Reporter

           Jeffrey L. Hill
           Assistant Attorney General
           Civil Rights and Claims Division

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves a prisoner's efforts to obtain judicial review of a disciplinary action taken by the Department of Correction. The prisoner filed a petition for declaratory judgment in the Chancery Court for Davidson County seeking review of discipline he received for engaging in sexual misconduct with a visitor. The trial court granted the Department's motion for summary judgment and dismissed the petition. The prisoner asserts on this appeal that the trial court should not have dismissed his petition. We have determined that the petition was not timely filed and, therefore, affirm the trial court in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

Charles Montague is incarcerated in the Northeast Correctional Center where he is serving a life sentence for first degree murder[2] and a six-year sentence for possession of controlled substances and drug paraphernalia.[3] On October 23, 1994, Mr. Montague received a disciplinary write up after a guard observed his girlfriend masturbating him during an approved visit. Following a hearing on October 31, 1994, the prison disciplinary board found Mr. Montague guilty of sexual misconduct and determined that he should lose his visitation privileges for sixty days and that he should lose his prison job. The Commissioner of Correction approved these sanctions on November 10, 1994.

On February 21, 1995, Mr. Montague filed a petition for declaratory judgment under Tenn. Code Ann. § 4-5-225 (Supp. 1997) (formerly Tenn. Code Ann. § 4-5-

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]*See State v. Montague*, App. No. 03C01-9306-CR-00192, 1994 WL 652186 (Tenn. Crim. App. Nov. 21, 1994), *perm. app. denied* (Tenn. April 10, 1995).

[3]*See State v. Montague*, App. No. 03C01-9406-CR-00233, 1995 WL 509426 (Tenn. Crim. App. Aug. 29, 1995), *perm. app. denied concurring in results only* (Tenn. Dec. 28, 1995).

224) seeking judicial review of the disciplinary board's action. The Department of Correction filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss or in the alternative for a summary judgment accompanied by evidentiary materials relating to Mr. Montague's disciplinary hearing. On August 7, 1995, Mr. Montague filed an amended complaint adding a claim seeking relief through a common-law writ of certiorari. The trial court dismissed the original complaint on August 30, 1995, on the ground that declaratory judgment proceedings under Tenn. Code Ann. § 4-5-224 could not be used to review prison disciplinary proceedings. In response to Mr. Montague's motion to reconsider, the trial court also held that Mr. Montague had failed to state a claim for which relief through a common-law writ of habeas corpus could be granted.

## II.

Prison disciplinary proceedings may only be reviewed through a common-law writ of certiorari filed in Davidson County. *See Ali v. Hardison*, App. No. 01A01-9601-CH-00039, 1996 WL 383292, at *1 (Tenn. Ct. App. July 10, 1996); *Snodgrass v. Noles*, App. No. 02C01-9403-CC-00037, 1994 WL 328762, at *1 (Tenn. Crim. App. July 8, 1994). Petitions for writs of certiorari must be filed within sixty days after the entry of the order sought to be reviewed. *See* Tenn. Code Ann. § 27-9-102 (1980).

Mr. Montague did not file a complaint seeking relief pursuant to a common-law writ of certiorari until August 7, 1995 - two hundred and seventy days after the Commissioner affirmed Mr. Montague's punishment. Even if his certiorari claim could relate back to the filing of the complaint for declaratory judgment, it was still filed one hundred and three days after the Commissioner's decision. Since Mr. Montague filed his petition forty-three days after the expiration of the period provided in Tenn. Code Ann. § 27-9-102, the trial court correctly determined that the petition failed to state a claim upon which relief can be granted.

## III.

We affirm the order dismissing Mr. Montague's petition failing to state a claim upon which relief can be granted and remand the case to the trial court for what

further proceedings may be required.  We also tax the costs of this appeal to Charles D. Montague for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE